**Berry HOWARD, Plaintiff**

v.

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Defendant.**

**Civil No. 1:14CV338–HSO–JCG.**

United States District Court, S.D. Mississippi, Southern Division.

Signed May 11, 2015.

Dawn Smith, Parsons Law Office, Wiggins, MS, for Plaintiff.

Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, PLLC, Ridgeland, MS, for Defendant.

*MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE*

HALIL SULEYMAN OZERDEN, District Judge.

BEFORE THE COURT is the Motion for Summary Judgment or, Alternatively for Partial Summary Judgment [44] filed

by Defendant American Bankers Insurance Company of Florida ("ABIC"). This Motion is fully briefed. After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that Defendant's Motion for Summary Judgment should be granted and that Plaintiff's claims should be dismissed with prejudice.

## I. BACKGROUND

### A. Factual Background

This insurance coverage dispute arose after Plaintiff Howard Berry filed a claim for benefits under his ABIC Comprehensive Manufactured Home Policy (the "Policy") for fire and smoke damage to his mobile home.[1] The fire in Berry's 1,456 square foot, four bedroom, two bathroom home occurred on November 9, 2011. Pl.'s Resp. to Mot. Summ. J. [48] at 3. An ABIC claims adjuster inspected Plaintiff's property within days of the fire to determine the extent of the damage. The parties agree that the fire originated in one of the two bathrooms and that no flame spread beyond that bathroom.

In dispute is the extent of the heat and smoke damage throughout the home. Plaintiff has not lived in the home since the fire. He claims the home was a total loss and that he suffered extensive property damage. In his Complaint [1–1], Plaintiff requested maximum compensation under the Policy for these losses. The Policy afforded $72,912.00 dwelling coverage and $20,000.00 personal property coverage. Plaintiff requests $92,912.00 and an additional unspecified amount of punitive damages, alleging that ABIC willfully refused to pay his claim. Id. Defendant maintains that it paid the claim appropriately because the damage to the home was repairable and Plaintiff did not act prudently to inspect, repair, and clean his damaged personal property.

According to Plaintiff's own evidence, ABIC made several payments under the Policy in amounts of $1,015.00, $2,000.00, $3,000.00, and $7,946.71, for personal property damage and reimbursable living expenses. Exs. 1–4 of Pl.'s Resp. Mem. [48-1–48-4]; see also Dep. Howard Berry [44-3] at 43–45. On February 17, 2012, ABIC tendered a check for $13,818.66 to compensate Plaintiff under the Policy based on ABIC's estimated cost of repair. Pl.'s Resp. Ex. 5 [48-5]. Plaintiff did not, however, negotiate that check, believing it to be insufficient to repair the damage. Pl.'s Resp. [48] at 2. Under the Policy's terms, Plaintiff was admittedly entitled to request an appraisal if the Parties did not agree on the amount of a covered loss, yet he did not do so. Id.

### B. Procedural History

On August 1, 2014, Plaintiff filed a complaint against ABIC in the Circuit Court of Stone County, Mississippi [1–1], alleging intentional breach of contract. ABIC removed the suit to this Court on August 29, 2014[1], on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Following a telephonic case management conference, the Magistrate Judge ordered Plaintiff to designate experts by October 22, 2014. Case Mgmt. Order [8] at 4. In response to Plaintiff's designation of experts, ABIC moved to strike the designation as insufficient and compel sufficient expert designation. Def.'s Mot. to Strike [15]; Def.'s Mot. to Compel [17]. On November 18, 2014, the Magistrate Judge granted ABIC's Motion and struck Plaintiff's expert designation, but "allowed [Plaintiff] one final opportunity to properly and fully designate experts in the detail

---

**1.** Although the style of the case identifies Plaintiff as "Berry Howard," based upon the record it appears that Plaintiff's name is Howard Berry.

and manner required by Federal Rule of Civil Procedure 26(a)(2) and Local Uniform Civil Rule 26(a)(2)." Order [21] at 2. The Magistrate Judge's Order extended Plaintiff's deadline to designate experts until December 12, 2014, and warned that "Plaintiff will receive no further extensions of this deadline absent extraordinary circumstances." *Id.* Nevertheless, on December 15, 2014, three days after the deadline expired, Plaintiff's counsel filed a Motion for Extension of Time to complete Plaintiff's expert designations. [25]. The Magistrate Judge denied Plaintiff's tardy Motion, citing his earlier Order warning that no further extensions would be granted absent extraordinary circumstances, which Plaintiff had not shown. Order Den. Mot. [26]. Plaintiff did not appeal the Order [26]. Consequently, Plaintiff is not able to produce expert testimony in support of his claims against ABIC.

· On February 16, 2015, Defendant moved the Court to grant summary judgment on Plaintiff's breach of contract claim, or alternatively to grant partial summary judgment with respect to Plaintiff's claim for punitive damages. Mot. [44]. ABIC argues that summary judgment is warranted in this case because Plaintiff has produced no admissible evidence to support the assertion that he is entitled to full coverage benefits or that ABIC breached the insurance contract by refusing to pay his claim. *Id.* at 3–4. In his Response to Defendant's Motion for Summary Judgment, Plaintiff argues that summary judgment is inappropriate here because there is a genuine issue of material fact as to whether Defendant paid sufficient amounts under the Policy to repair or replace the home and its contents. Pl.'s Resp. [47, 48]

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). If the movant meets this burden and demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Cannata v. Catholic Diocese of Austin,* 700 F.3d 169, 172 (5th Cir.2012); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party opposing summary judgment must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.,* 736 F.3d 396, 400 (5th Cir.2013) (quotation omitted). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 812 (5th Cir.2010) (citing *Hamilton,* 232 F.3d at 477). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.,* 612 F.3d 851, 858 (5th Cir.2010). By its plain language, Rule 56 mandates that the Court enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.,* 663 F.3d 759, 766 (5th Cir.2011) (quoting *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548). "Under Mississippi law, a plaintiff has the burden of proving a right to recov-

er under the insurance policy sued on, and this basic burden never shifts from the plaintiff." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 625 (5th Cir. 2008) (quotation omitted).

## B. *Analysis*

### 1. *Breach of Contract Claim*

The basic facts surrounding Plaintiff's claim for breach of contract are not in dispute. Plaintiff made several early claims for property damage and reimbursable living expenses under the Policy which were paid by ABIC. Ultimately, ABIC's adjuster estimated that $13,818.66 would be sufficient to repair the fire damage in Plaintiff's home. ABIC then tendered a payment to Plaintiff in that amount. Plaintiff did not agree with the adjuster's final repair estimate and refused to negotiate that payment. The Parties' understanding of the contract also is not in dispute. Both parties agree that, under the Policy's terms, Plaintiff could have requested an appraisal if he disagreed with ABIC's initial evaluation of his claim. Plaintiff did not request such an appraisal.

These facts, even viewed in the light most favorable to Mr. Howard, do not support a claim for breach of contract. In fact, Plaintiff's Complaint does not point to any specific term of the insurance contract that ABIC failed to fulfill. Compl. [11]. Both parties admit that ABIC made payments to Plaintiff under the Policy. The only factual dispute concerns the proper amount of those payments.

The contract, however, provided a method for resolving a valuation dispute. It is well settled law in Mississippi that "interpretation of an insurance policy is a question of law, not one of fact." *Corban v. United Servs. Auto. Ass'n*, 20 So.3d 601, 609 (Miss.2009) ("In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions. When parties to a contract make

mutual promises (barring some defense or condition which excuses performance), they are entitled to the benefit of their bargain. Thus, insurance companies must be able to rely on their statements of coverage, exclusions, disclaimers, definitions, and other provisions, in order to receive the benefit of their bargain and to ensure that rates have been properly calculated."). It also is well settled law that "if a contract is clear and unambiguous, then it must be interpreted as written." *Id.*

Both parties agree that under the plain language of the Policy, if Plaintiff did not agree with the adjuster's estimate he could have requested an appraisal. Plaintiff argues that ABIC also could have requested an appraisal. However, ABIC is not required to request an appraisal and revaluation when it agrees with the initial valuation of a claim. Rather, the onus was on Plaintiff to initiate an appraisal if he received a payment that he believed was insufficient.

Moreover, the evidence Plaintiff has submitted to support the contention that ABIC undervalued his claim is insufficient to defeat summary judgment as a matter of law. Federal Rule of Civil Procedure 56(c)(2) permits a summary judgment movant to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Defendant ABIC has made such an objection as to Plaintiff's Response and notes Rule 56(c)(4) further provides that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Def.'s Reply Mem. Supp. Mot. Summ. J. [49] at 2 n. 1.

Plaintiff supplied two items of evidence in support of his assertion that

ABIC did not properly pay his claim under the Policy: (1) a report from the Wiggins Fire Department [48–7]; and (2) a letter dated January 18, 2012 that appears to be from William Meyer, owner of Buds Manufactured Housing, LLC [48–10]. The fire report is hearsay if offered as to the truth of the amount of the loss and is inadmissible. Fed.R.Evid. 801. The letter from Mr. Meyer and his valuation of the cost to repair the home also are inadmissible. The letter itself is hearsay as to the costs of repair, and the valuation—if presented in another admissible form—would constitute an expert opinion. Due to Plaintiff's failure to comply with discovery and expert designation deadlines, he is not permitted to produce expert testimony at trial. *See* Order [26] at 2. Accordingly, any expert testimony as to the proper valuation of Plaintiff's claim would not be admissible.

Plaintiff has not submitted sufficient competent proof that ABIC breached a term of the insurance contract by failing to pay a properly submitted or appealed claim. As a result, Defendant ABIC is entitled to summary judgment on Plaintiff's breach of contract claim.

### 2. *Punitive Damages Claim*

Because Plaintiff cannot support his claim for breach of contract, he is not entitled to punitive damages, and the Court need not decide that issue separately. The Court notes, however, that Plaintiff also has not carried his burden to present competent evidence sufficient to create a question of material fact as to whether ABIC willfully and intentionally refused to pay benefits due under the Policy. Rather, Plaintiff's own representations and evidence, including checks and correspondence submitted with his Response to the Motion for Summary Judgment [48–1–48–5], indicate that ABIC made several good faith payments under the Policy. Plaintiff also admits that ABIC sent an adjuster to assess the damage to the home within days of the fire. Pl.'s Mem. Resp. to Mot. Summ. J. [48] at 2. In light of Plaintiff's own evidence, it is apparent that ABIC acted with reasonable timeliness to pay amounts that it believed were properly submitted under the Policy and confirmed as legitimate by its adjuster.

■ Plaintiff has produced no evidence that ABIC willfully or intentionally refused to make payments under the Policy. Because Plaintiff also cannot carry his burden as to this essential element of his claim for punitive damages, summary judgment in favor of ABIC is appropriate. *See Brown,* 663 F.3d at 766; *Broussard,* 523 F.3d at 625.

### III. *CONCLUSION*

Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact concerning whether ABIC breached the insurance contract. ABIC made several payments under the contract, and Plaintiff has not submitted competent summary judgment evidence to establish that the amount of the payments it made was inadequate. Defendant's Motion for Summary Judgment should be granted, and Plaintiff's claims should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [44] filed by Defendant American Bankers Insurance Company of Florida is **GRANTED,** and Plaintiff Howard Berry's claims in this civil action are **DISMISSED WITH PREJUDICE.** A separate Final Judgment will be entered in accordance with Federal Rule of Civil Procedure 58.